UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER AIKENS,

      Petitioner,

v.                                      Case No. 8:05-cv-413-T-17TGW

JAMES R. MCDONOUGH[1],

      Respondent.

_____/

## ORDER

This cause is before the court upon Petitioner Christopher Aikens's ("Aikens")

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Aikens challenges his

2000 conviction entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. (Dkt.

1). Respondent has filed a response to the petition (Dkt. 9), and Aikens has filed a reply

thereto (Dkt. 14).

## Background

On May 17, 1999, Aikens was charged by Information with one count of robbery

(Dkt. 9, Ex. 1). Represented by court-appointed counsel, Aikens proceeded to jury trial on

December 12, 2000, and was found guilty. (Dkt. 9, Ex. 2). The state trial court sentenced

Aikens to a term of life imprisonment.[2] (Id.). Aikens, through counsel, pursued a direct

---

[1] In his petition, Aikens names James V. Crosby, Jr., former Secretary of the Department of Corrections, as the party respondent in this case. As of the date of this order, James R. McDonough is the Secretary of the Department of Corrections. Accordingly, pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 2 of the Rules Governing Section 2254 Cases, the Court will substitute McDonough as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

[2] The state trial court sentenced Aikens as a habitual felony offender and as a prison releasee reoffender. (Dkt. 9, Ex. 2). On June 6, 2002, the sentence was amended to delete the habitual felony offender provision. (Id.).

appeal.[3] (Dkt. 16, Ex. 19).  The state district court of appeal per curiam affirmed Aikens's

conviction on December 13, 2002, in Case No. 2D00-5267.  (Dkt. 9, Ex. 3).  *See Aikens*

*v. State*, 837 So.2d 972 (Fla. 2d DCA 2002) [Table].  The state district court of appeal

issued its mandate on January 13, 2003.  (Dkt. 9, Ex. 4).  Aikens did not file a petition for

writ of certiorari in the United States Supreme Court.  (Dkt. 1).

On March 17, 2003[4], Aikens, proceeding *pro se*, filed a motion for post-conviction

relief pursuant to Fla. R. Crim. P. 3.850.  (Dkt. 9, Ex. 5).  In his motion, he raised seven

claims for relief alleging his trial counsel was ineffective in failing to:

1)    impeach eyewitness Greg Stabile;

2)    object to the introduction of a photo pack being introduced into evidence;

3)    call latent fingerprint expert Alyce Fredericks to testify;

4)    adequately prepare for trial[5];

---

[3] On appeal, Aikens raised one issue:

WHETHER THE COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE STATE TO
INTRODUCE A PHOTOGRAPH OF A GUN FOUND IN THE CAR WHEN THE APPELLANT WAS
ARRESTED WHEN THE GUN PICTURED IN THE PHOTOGRAPH WAS NOT THE GUN USED IN
THE ROBBERY.

(Dkt. 16, Ex. 19).

[4] Aikens signed and dated his Rule 3.850 motion on March 16, 2003.  It is date stamped by prison
authorities as received for mailing on March 17, 2003.

[5] In evaluating Aikens's Rule 3.850 motion, the state trial court delineated four parts to the claim raised
in Ground Four of the motion as follows:

**Ground Four**

The Defendant alleges that trial counsel was ineffective in that he failed to adequately prepare for trial.
The Defendant claims that trial counsel's alleged failure to prepare for trial prejudiced him.  The
Defendant specifies several separate allegations within ground four that the Court will address
separately below.

(a) The Defendant specifically argues that trial counsel failed to call Ursula Battle and Alyce
Fredericks, who he alleges would have testified to the latent print comparison.  This allegation is
similar to Ground Three.  The record seems to indicate that Ms. Battle was subpoenaed but not

5)   file a motion to suppress Greg Stabile's identification testimony;

6)   call alibi witness Ursula Battle; and

7)   file a motion for judgment of acquittal at the close of the State's case.

(Dkt. 9, Ex. 5).  On August 7, 2003, the state trial court issued an order denying grounds

4(d) and 7, and directed the State to show cause why Aikens was not entitled to relief on

the remaining claims.  (Dkt. 9, Ex. 6).  The State filed its response to the show cause order

on October 7, 2003.  (Dkt. 9, Ex. 7).  Aikens signed his reply on October 17, 2003.  (Dkt.

9, Ex. 8).  In its final order dated February 18, 2004, the state trial court denied grounds 1,

2, 3, 4a, 5 and 6 of Aikens's Rule 3.850 motion and dismissed grounds 4b and 4c.  (Dkt.

9, Ex. 9).  Aikens appealed the denial of the Rule 3.850 motion.  (Dkt. 9, Ex. 10).  The state

district court of appeal per curiam affirmed without written decision the state trial court's

denial of post-conviction relief in Case No. 2D04-1209 on November 10, 2004.  (Dkt. 9, Ex.

11).  *See Aikens v. State*, 888 So.2d 630 (Fla. 2nd DCA 2004) [Table].  The mandate was

issued on December 9, 2004.  (Dkt. 9, Ex. 12).

---

served. [citation omitted].  The State is directed to respond to this allegation.

(b) The Defendant further alleges that trial counsel did not interview any witnesses and did not take any depositions.  On October 26, 2000, an order withdrawing the Public Defender and appointing counsel was filed. [citation omitted].  Trial counsel was assigned to the case less than 2 months before it went to trial.  The Defendant seems to indicate that trial counsel needed more time to prepare.  The State is instructed to respond to this allegation.

(c) The Defendant also alleges that the [sic] asked trial counsel to file a motion to dismiss and that trial counsel told him "he wasn't getting paid enough to file any motions to dismiss."  The State is instructed to respond to this allegation.

(d) Lastly the Defendant alleges that trial counsel should have sought a continuance prior to trial because he had only been on the case a short time and had not had time to properly prepare and investigate for trial.  Although there is not a hard copy in the court file, the Criminal Justice Information System cites that the Court ordered the Defendant's Motion for Continuance be denied. [citation omitted].  Therefore, this claim is denied.

(Dkt. 9, Ex. 6).

On March 15, 2004, while his appeal of the denial of his Rule 3.850 motion was pending, Aikens filed a *pro se* petition for writ of habeas corpus in the state district court of appeal alleging one claim of ineffective assistance of appellate counsel. (Dkt. 9, Ex. 13). Specifically, Aikens claimed that his appellate attorney was ineffective in failing to raise on direct appeal the claim that his trial counsel was ineffective for failing to move for continuance where trial counsel was not prepared for trial. Following receipt of the State's response and Aikens's reply, the state district court of appeal denied the petition for writ of habeas corpus on June 16, 2004, in Case No. 2D04-827. (Dkt. 9, Ex. 16). Aikens filed a motion for rehearing on June 24, 2004. (Dkt. 9, Ex. 17). The motion was denied by the state district court of appeal on July 23, 2004. (Dkt. 9, Ex. 18).

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was signed by Aikens on March 29, 2005, and presented to prison authorities for mailing on March 30, 2005. (Dkt. 1). The petition is timely. Upon review of the record, Aikens's petition must be DENIED.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell,* 353 F.3d 880,

889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits

in a state court unless the adjudication of the claim:

>   (1)   resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law,
>         as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented in
>         the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335

F.3d 1303, 1308 (11th Cir. 2003). "The 'contrary to' and 'unreasonable application' clauses

of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putnam v.*

*Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 404-05

(2000)). A state court decision is "contrary to" clearly established federal law if either (1)

the state court applied a rule that contradicts the governing law set forth by Supreme Court

case law, or (2) when faced with materially indistinguishable facts, the state court arrived

at a result different from that reached in a Supreme Court case. *See Jones v. McDonough*,

2007 WL 174442 at *1 (11th Cir., Jan. 24, 2007); *Putnam*, 268 F.3d at 1241. A state court

makes an "unreasonable application" of clearly established federal law if it identifies the

correct legal rule from Supreme Court case law but unreasonably applies that rule to the

facts of a petitioner's case, or unreasonably extends or unreasonably declines to extend,

a legal principle from Supreme Court case law to a new context. *See id.* "[A] federal

habeas court may not issue the writ under the reasonable application clause simply

because that court concludes in its independent judgment that the relevant state court

5

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. An "unreasonable application" is an "objectively unreasonable" application." *Putnam*, 268 F.3d at 1241.

State courts need not explain their merits rulings to qualify for deference under the AEDPA. *Jones*, 2007 WL 174442 at *2. Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec.'y for the Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion." *Parker v. Secy for the Dep't of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). "Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)(1)." *Herring v. Sec'y for the Dep't of Corr.*, 397 F.3d 1338, 1347 (11th Cir. 2005). Finally, a state court's factual findings are presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Since Aikens's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Aiken's claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

### Standard for Ineffective Assistance of Counsel Claims

Aikens raises two claims of ineffective assistance of counsel. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on a claim of ineffective assistance of counsel, Aikens

6

must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation.  *Id.* at 687-88.  This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases.  *Id.* at 689.   Second, even if Aikens can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different.  *Id.* at 688, 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings.  *Id.* at 694.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).  "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) *(citing Chandler*, 218 F.3d at 1315).  Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler*, 218 F.3d at 1314 (*quoting Strickland*, 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir.

7

1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler*, 218 F.3d at 1314-15.

As set forth below, in rejecting Aikens's claims on the merits, the state trial court applied the *Strickland* standard of review for ineffective assistance of counsel claims, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims pursuant to § 2254, Aikens must establish that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that these claims lack merit. *See Parker*, 331 F.3d at 766.

## Discussion

### Ground One

Aikens alleges that his appellate counsel was ineffective in failing to raise a claim of ineffective assistance of trial counsel on direct appeal. Specifically, Aikens claims:

> Defense counsel was assigned to this case forty-two days prior to trial; the appellate record - including a motion for a trial continuance - demonstrates trial counsel unprepared [sic] to reasonably defend Petitioner for trial. Appellate counsel's failure to raise ineffective assistance of trial counsel, based on speed in which the case proceeded to trial, constitutes deficient performance during direct appeal. Prejudice to Petitioner is that his conviction and substantial life sentence was [sic] affirmed on direct appeal when the legally correct result would have been to reverse and remand the case for new trial, allowing defense trial counsel to perform independent investigation of state's evidence, such as palm print of robber not matching Petitioner's.

(Dkt. 5, p. 5). Aikens presented this claim to the state district court of appeal in his petition

8

for writ of habeas corpus.[6]   The claim was denied without written opinion and his

subsequent motion for rehearing was also denied by the state district court of appeal.

In order for Aikens to prevail on this claim, he would first have to demonstrate that

the underlying claim of ineffective assistance of trial counsel due to trial counsel's failure

to prepare for trial was meritorious.   He presented this underlying claim to the state trial

court in Ground Four of his Rule 3.850 motion.  In its order denying that claim, the state trial

court stated:

> The Defendant alleges that trial counsel was ineffective in that he failed to
> adequately prepare for trial. The Defendant claims that trial counsel's alleged failure
> to prepare for trial prejudiced him.   The Defendant specifies several separate
> allegations within ground four that the Court will address separately below.
>
> (a) The Defendant specifically argues that trial counsel failed to call Ursula Battle
> and Alyce Fredericks, who he alleges would have testified to the latent print
> comparison.
>
> As stated in regards to ground three, Ms. Fredericks testimony would have qualified
> as cumulative.  Therefore, this portion of the claim is denied.
>
> As more fully set out in ground six, trial counsel was not provided with Ms. Battle's
> name or her anticipated testimony.  Therefore, this portion of the claim is denied.
>
> (b) The Defendant further alleges that trial counsel did not interview any witnesses
> and did not take any depositions.  On October 26, 2000, an order withdrawing the
> Public Defender and appointing counsel was filed.  Trial Counsel was assigned to
> the case less than 2 months before it went to trial.  The Defendant seems to indicate
> that trial counsel needed more time to prepare.
>
> The State argues that prior to trial counsel being appointed that depositions of seven
> State witnesses were taken.  [citation omitted].  The State further argues that the
> trial transcript reveals that trial counsel reviewed the depositions and used them to
> impeach witnesses and raise inconsistencies. [citation omitted].

---

[6] Under Florida law, the proper vehicle for raising an ineffective assistance of appellate counsel claim
is a petition for a writ of habeas corpus directed to the appellate court that considered the direct appeal. *See
Clark v. Crosby*, 335 F.3d 1303, 1306 (11th Cir. 2003) (citing *Richardson v. State*, 624 So.2d 804 (Fla. 1st
DCA 1993); *Dinkins v. State*, 600 So.2d 1295, 1296 (Fla. 1st DCA 1992)).

Further, the Defendant does not raise a facially sufficient claim under the <u>Strickland</u> standard. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Defendant's allegations are vague and nonspecific. The Defendant fails to specify what depositions counsel should have taken or what witnesses he should have interviewed. The Defendant does not allege how he was prejudiced by the alleged ineffective assistance or how it affected his case. Therefore, the claim is dismissed.

(c) the Defendant also alleges that he asked trial counsel to file a motion to dismiss and that trial counsel told him "he wasn't getting paid enough to file any motions to dismiss."

The State correctly argues that the Defendant fails to state on which ground a Motion to Dismiss should have been filed and that it would have been successful. The Defendant again fails to raise a facially sufficient claim under the <u>Strickland</u> standard. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The defendant's allegations again are vague and conclusory. Therefore, the claim is dismissed.

(Dkt. 9, Ex. 9). Based on the state trial court's finding, as approved by the state district court of appeal in its affirmation of the denial the Rule 3.850 motion, Aikens's underlying claim of ineffective assistance of trial counsel was meritless.

The *Strickland* standard of review applies to ineffective assistance of appellate counsel claims. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992). In order to obtain relief on this claim, Aikens must demonstrate under the first prong of the *Strickland* standard that appellate counsel's performance was deficient in that the alleged failure to raise a claim of ineffective assistance of trial counsel on direct appeal was of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance. *See Stephens v. Crosby*, 2005 WL 1862723 at *17 (M.D. Fla., July 28, 2005) (citing *Chandler*, 218 F.3d at 1312-13). As to the prejudice prong of *Strickland*, Aikens must show that appellate counsel's deficiency compromised the appellate process to such a degree as to undermine the confidence in the correctness of the result. *Id.* (citing *Wellington v.*

*United States*, 314 F.3d 1256, 1260 (11th Cir. 2002)).

If a legal issue "would in all probability have been found to be without merit," had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective. *See id.* (citing *Williamson v. Dugger*, 651 So.2d 84, 86 (Fla. 1994); *Kokal v. Dugger*, 718 So.2d 138, 142 (Fla. 1998); *Groover v. Singletary*, 656 So.2d 424, 425 (Fla. 1995); *Chandler v. Dugger*, 634 So.2d 1066, 1068 (Fla. 1994)). Given the state trial court's finding on the underlying claim of ineffective assistance of trial counsel for failing to prepare for trial and the state district court of appeal's affirmation of that finding, it can be concluded that, even if appellate counsel had raised this issue on direct appeal, it would, in all probability, have been deemed meritless.

Notwithstanding, "[a]ppellate counsel may raise a claim of ineffective assistance of trial counsel only where the ineffectiveness is apparent on the face of the record." *Stewart v. Crosby*, 880 So.2d 529, 531 (Fla. 2004) (citing *Gore v. State*, 784 So.2d 418, 437-38 (Fla. 2001)). Aikens broadly and conclusively asserts in the instant petition that "the appellate record - including motion for a trial continuance - demonstrates trial counsel was unprepared to reasonably defend Petitioner for trial." (Dkt. 5, p. 5). Such a vague contention devoid of any specificity is not sufficient to demonstrate that trial counsel's alleged ineffectiveness was facially obvious on the record such that appellate counsel could have presented a viable claim on appeal. Aikens has not presented any evidence to demonstrate that had appellate counsel pursued the strategy he now espouses that his conviction would not have been affirmed on direct appeal. *See Strickland*, 466 U.S. at 688, 694. Accordingly, there is no merit to his claim and appellate counsel cannot be considered

11

deficient for failing to raise this issue. This Court finds that the state district court of appeal's decision that Aikens was not entitled to relief on this claim is not contrary to, or an unreasonable application of, clearly established Federal law or was an unreasonable determination of the facts of his case. *See* 28 U.S.C. § 2254(d). Ground One does not warrant federal habeas corpus relief.

**Ground Two**

In Ground Two of the instant § 2254 petition, Aikens claims his trial attorney was ineffective in failing to impeach State's witness Greg Stabile ("Stabile") with his statement made to police that he could not identify Aikens as the robber. Aikens claims such failure prejudiced him in that the jury believed the trial testimony of Stabile over that of Officer Shaw of the Largo Police Department, and that Stabile's "unimpeached" testimony was the sole evidence used to convict Aikens. He asserts that, had the jury known that Stabile had told police that he could not identify Aikens as the robber, he would have been acquitted.

Aikens raised this claim in his Rule 3.850 motion for post-conviction relief. In its order denying relief, the state trial court stated as follows with respect to this claim:

> The Defendant alleges that trial counsel was ineffective in failing to impeach eyewitness Greg Stabile, who is also referred to as Greg Studell.[7] Specifically, the Defendant contends that a police report states that after Mr. Stabile identified a suspect from a photo pack, told the police that he did not want to put the wrong man in jail, and that he could not say that it was the same man if he had to testify in court. The Defendant further alleges that his attorney should have impeached Mr. Stabile on his statement. The Defendant states that if trial counsel had impeached Mr. Stabile, the jury would have known that Mr. Stabile was not positively sure that the Defendant committed the robbery.
>
> The State argues that the technique of impeachment is used when a witness's testimony is inconsistent with prior testimony and that the record reveals that Mr.

---

[7] At trial, Stabile gave his name as "Greg Studell." (Dkt. 16, Ex. 25, Vol. II, p. 63).

Stabile's testimony was consistent. A witness's credibility may be impeached not only by inconsistent statements, but by showing the witness is biased, attacking the character of a witness, showing a defect of capacity, ability, or opportunity in the witness to observe, remember, or recount the matters about which the witness testified, and proving through other witnesses that material facts are not as testified to by the witness being impeached. Fla. Stat. § 90.608 (2003).

On direct examination, Mr. Stabile testified that he originally picked someone out of the photo pack, but that two and a half years later, he was not able to identify that person if he saw him in court. [citation omitted]. Mr. Stabile's statements are consistent with the Defendant's statements that Mr. Stabile was not positive that the Defendant committed the robbery. Further, trial counsel showed a defect of capacity in the witness to remember or recount matters about which the witness testified.

It should be noted that on cross-examination trial counsel questioned Officer Shaw regarding the conversation concerning the [sic] Mr. Stabile's identification. [citation omitted]. Trial counsel made clear to the jury that Mr. Stabile was unsure about the photograph he picked out of the photo pack. In addition, trial counsel argued in closing arguments that Mr. Stabile could not identify the Defendant. [citation omitted]. Therefore, this claim is denied.

(Dkt. 9, Ex. 9). A review of the record supports the state trial court's finding.

At trial, Stabile testified on direct examination, in relevant part, as follows:

MR. DANIELS[8]:    Now did there come a time when one of the police officers showed you some photographs, what's called a photo pack, with six African-American males on one piece of paper?

MR. STABILE:    Yes, sir.

MR. DANIELS:    Did the police officer show that to you?

MR. STABILE:    Yes, he did.

MR. DANIELS:    At the time that you saw those photos, some two, two and a half years ago, did you recognize anybody at that time?

MR. STABILE:    Yes, I did.

MR. DANIELS:    What did you tell the police officer when you saw that photo

---

[8] At trial, the State was represented by Assistant State Attorney Mark Daniels.

|   |   |
|---|---|
| | pack? |
| MR. STABILE: | When he asked me to look at it, I picked out one person right away. |
| MR. DANIELS: | Now the person that you picked out, had you ever seen that person before? |
| MR. STABILE: | Yes. |
| MR. DANIELS: | Where did you see that person at? |
| MR. STABILE: | At the Burger King. |
| MR. DANIELS: | Now other than that night at the Burger King, you had - - I presume you didn't know the name of that person? |
| MR. STABILE: | I still don't know the name of that person. |
| MR. DANIELS: | Okay.  Other than the people that you work with at Burger King, did you know any other civilian people involved in this case? |
| MR. STABILE: | No. |
| MR. DANIELS: | When you picked that person out to Detective, I believe it was Detective Shaw that showed you those photos - - |
| MR. STABILE: | I couldn't tell you his name. |
| MR. DANIELS: | Okay. Was it a Largo police officer? |
| MR. STABILE: | Yes. |
| MR. DANIELS: | Okay.  Did you tell him the person you picked out was the person that committed the robbery? |
| MR. STABILE: | Yes. |
| MR. DANIELS: | Now, some two, two and a half years later now, are you certain today that the person that you saw, were you able to identify that person if you saw him again today, two and a half years later? |
| MR. STABILE: | No. |

14

(Dkt. 16, Ex. 25, Vol. II, pp. 71-73).[9]   As the state trial court correctly noted, these statements are consistent with Aikens's assertion that Stabile was not positive that Aikens was the perpetrator of the robbery.

Stabile's identification of Aikens was also  addressed by trial counsel on cross examination of Officer Shaw.  On cross examination, Shaw testified as follows:

> MR. MARTIN[10]:     – he [Mr. Stabile] picked out Photograph Number 1 right here, didn't he?
>
> OFFICER SHAW:   Yes, sir.
>
> MR. MARTIN:     And you asked him if he was sure and he said he wasn't sure, didn't he?
>
> OFFICER SHAW:   That's what he stated, yes, sir.
>
> MR. MARTIN:     And, in fact, he said, he couldn't come into Court and say that this was the person, didn't he?
>
> OFFICER SHAW:   That's correct.

(Dkt. 16, Ex. 25, Vol. II, p. 90).

Finally, in his closing argument, Aikens's trial counsel highlighted Stabile's inability to identify Aikens as the perpetrator of the robbery as follows:

> Well, what we have is some people who picked a perpetrator out of a photo pack. We have one person and you may recall that on direct examination Mr. Studell, or however you say it, said, yeah, I picked him out of a photo pack.  And I think one of the officers testified, yeah, he picked him out immediately.   But on cross-examination I asked him, well, was he sure.  Well, no, he said he wasn't sure.

(Dkt. 16, Ex. 25, Vol. II, p. 176).

Based on the foregoing, trial counsel clearly presented to the jury the argument that

---

[9] Aikens's trial counsel did not cross examine Stabile.

[10] Aikens was represented at trial by attorney James Martin.

Stabile could not positively identify Aikens. Even assuming, *arguendo*, that trial counsel's failure to attack Stabile's identification through impeachment as Aikens now suggests was somehow deficient, Aikens has not shown that such failure prejudiced him in any way such that the jury would not have convicted him. *See Strickland*, 466 U.S. at 694. Aikens has failed to establish that the state trial court's denial of this claim of ineffective assistance of trial counsel was contrary to or an unreasonable application of the Strickland standard or resulted in a decision that is based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Therefore, Aikens is not entitled to habeas relief on this claim.

Accordingly, the Court orders:

That Aikens's petition for writ of habeas corpus is denied with prejudice. The Clerk is directed to enter judgment against Aikens and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot*

*v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on _____ *FEBRUARY 13th* _____, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Christopher Aikens

17